IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

NICKIE WOODY,

    Plaintiff,

v.                      CIVIL ACTION NO.: 2:22-cv-00264

BARNETT OUTDOORS, LLC,

    Defendant.

## COMPLAINT

For her Complaint against the Defendant, the Plaintiff alleges, and states as follows:

### PARTIES

1. The Plaintiff, Nickie Woody, is a resident and citizen of Lake, Logan County, West Virginia.

2. The Defendant, Barnett Outdoors, LLC, ("Barnett") is a Florida limited liability company, and at all times relevant, was in the business of designing, manufacturing, re-manufacturing, modifying and/or altering, installing, fabricating, packaging, shipping, selling, servicing, and/or distributing Barnett Crossbows and accessories, including the Barnett 385 Ghost crossbow, Serial No. 451606, and crank cocking device (referred to collectively as the "subject Barnett 385 crossbow"), in the State of West Virginia.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of costs and interest, and involves citizens of different states.

4.     The Defendant has availed itself to the jurisdiction of this Court pursuant to W. Va. Code § 56-3-33 and W. Va. Code § 31D-15-1501(d)(3), by doing, personally and through its agents, the following acts:

    a.    Committing a tortious act within this state by selling and/or delivering a defective product for placement into the West Virginia stream of commerce for ultimate users;

    b.    By manufacturing, testing, selling, distributing, assembling and/or servicing Barnett products including the subject Barnett 385 Ghost Crossbow, to or for persons, firms and/or corporations in this state *via* its distributors, wholesalers, and brokers. Such Barnett products, including the subject Barnett 385 Ghost Crossbow, were used by West Virginia consumers in the ordinary course of commerce and trade;

    c.    By deriving substantial revenues in this state;

    d.    The acts or omissions of the Defendant caused injuries to persons in West Virginia, including Plaintiff Nickie Woody;

    e.    By engaging in the solicitation of activities in West Virginia to promote the sale, consumption, use, maintenance, distribution, assembly and repair of Barnett products, including the subject Barnett 385 Ghost Crossbow, which is the subject of this Complaint; and

    f.    By manufacturing, testing, selling, distributing or assembling Barnett products, including the subject Barnett 385 Ghost Crossbow, which is the subject of this Complaint, with knowledge or reason to foresee that Barnett products, including the subject Barnett 385 Ghost crossbow, would be shipped in interstate commerce and would reach the market of West Virginia users or consumers.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1931(a) in that a substantial portion of the events giving rise to the claims herein took place within the Southern District of West Virginia.

## FACTS

6. In 1962, Defendant Barnett began designing, testing, manufacturing, engineering, selling, distributing marketing, and supplying crossbow, archery, and slingshot products. In 2003, Defendant Barnett brought its operations to the United States permanently and has become the world's leading manufacturer of crossbows and crossbow accessories, including Barnett 385 Ghost model crossbows and crank cocking devices.

7. The Barnett 385 Ghost crossbow is a step-through riser ("STR') model that integrates a foot stirrup directly into the riser. According to Barnett, STR crossbows such as the 385 Ghost model are light and compact, which improves balance and control while hunting. However, 385 Ghost crossbows can be difficult to cock by hand, as the force required to physically pull the string is physically taxing.

8. To alleviate the difficulties associated with cocking its crossbows, Defendant Barnett designed a crank cocking device, which is intended to reduce cocking resistance by as much as ninety-three (93) percent, and, according to Defendant Barnett, requires "little effort at all" to use.[1] The Barnett crank cocking device is compatible with sixty-six (66) Barnett crossbow models, including Barnett 385 Ghost crossbow model.[2]

9. The crank cocking device consists of a catch lever safety mechanism which is designed to catch and stop the crank cocking handle from rotating backwards when the safety is engaged in the on position. When cocking the subject Barnett 385 Ghost crossbow, Defendant Barnett instructs users to first disengage the catch lever safety in order take out the bracket and pull down over the string at the front of the crossbow. The user is then instructed to engage the catch lever safety in the on position and cock the crossbow by rotating the crank cocking handle

---

[1] https://www.youtube.com/watch?v=aikv610_Nj4
[2] https://www.barnettcrossbows.com/shop/accessories/cocking-devices/universal-ccd

forward. If the user removes his or her hand from the crank cocking handle while the catch lever safety is engaged, the handle should get caught by the catch lever, remain stationary, and be prevented from rotating backwards.

10. Prior to the events giving rise to this cause of action, Defendant Barnett designed and sold the subject Barnett 385 Ghost crossbow with the crank cocking already installed.

11. Plaintiff purchased the subject Barnett 385 Ghost crossbow based upon representations made by Defendant that the subject Barnett 385 Ghost crossbow was a reasonably safe crossbow, and because it was sold by what Plaintiff once believed to be a reputable source for crossbow products and accessories.

12. On November 6, 2020, at approximately 8:00 am, Plaintiff traveled with her husband to hunt for deer with the subject Barnett 385 Ghost crossbow in Mud River, Boone County, West Virginia. When she arrived at Mud River, she began to cock the subject Barnett 385 Ghost crossbow safely and properly. With the catch lever safety engaged in the on position, Plaintiff rotated the crank cocking handle forward until the string was drawn roughly halfway back when Plaintiff heard a loud pop from the crank cocking device, followed by the arm of the handle popping off with significant velocity. When this occurred, Plaintiff released her hand from the handle with the expectation that the catch lever would catch the handle from rotating backwards insofar as the safety was engaged in the on position.

13. Despite having the safety engaged, the catch lever failed to catch and prevent the crank cocking handle from rotating backwards. As a direct and proximate result of Defendant's acts and omissions and the catch lever's failure to catch the crank cocking handle, the crank cocking handle was able to rotate backwards at a significant speed and contact Plaintiff's left thumb and right pinky, causing Plaintiff to suffer an acute fracture of the proximal phalanx of the

thumb extending into the distal articular surface, closed displaced fracture of proximal phalanx of the right pinky with malunion, and a significant extensor tendon laceration. In addition to the injuries referenced herein, Plaintiff has further incurred and sustained the following past and future damages:

      a.    physical pain and suffering;

      b.    mental anguish and suffering;

      c.    future physical impairment;

      d.    loss of capacity to enjoy life;

      e.    medical expenses past and future;

      f.    scarring and disfigurement;

      g.    annoyance and inconvenience; and

      h.    punitive damages.

## COUNT I
## STRICT PRODUCT LIABILITY

14. The Plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

15. The Defendant designed, engineered, manufactured assembled, installed, rebuilt, modernized, sold, serviced, distributed, marketed and/or placed into the stream of commerce the subject Barnett 385 Ghost crossbow, which was used by Plaintiff in a manner for which it was designed, engineered, manufactured, marketed, and sold by the Defendant.

16. The subject Barnett 385 Ghost crossbow used by Plaintiff was defective from the time it was designed, manufactured, marketed, and sold until Plaintiff was severely injured by virtue of its defective and/or not reasonably safe design, when used as intended, insofar as the catch lever in the crank cocking device failed to catch and prevent the crank cocking handle from

rotating backwards. Defendant had actual knowledge of the subject Barnett 385 Ghost crossbow's defective design that was a proximate cause of the harm for which recovery is sought.

17. At the time the subject Barnett 385 Ghost crossbow left the control of the Defendant, safer alternative designs existed which would have made the subject Barnett 385 crossbow safer and would have prevented Plaintiff from being injured without substantially impairing the subject Barnett 385 Ghost crossbow's utility. These safer alternative designs were economically and technologically feasible at all times relevant.

18. The subject Barnett 385 Ghost crossbow was further rendered not reasonably safe insofar as it did not provide warnings commensurate with the gravity of the hazards presented by using the subject Barnett 385 Ghost crossbow with defects, including catch lever's inability to catch and prevent the crank cocking handle from rotating backwards. The Defendant failed to provide these warnings to consumers, either at or after the time that the subject Barnett 385 Ghost crossbow left Defendant's control.

19. A reasonably prudent manufacturer and seller should have included adequate warnings about the hazards associated using the subject Barnett 385 Ghost crossbow with defects as described above.

20. Users of the subject Barnett 385 Ghost crossbow, such as Plaintiff, did not know and should not have been expected to know of the subject Barnett 385 Ghost crossbow's catch lever's inability to catch and prevent the crank cocking handle from rotating backwards.

21. As a direct and proximate result of the defective design associated with the foreseeable use of the subject Barnett 385 Ghost crossbow, and Defendant's failure to warn Plaintiff of the subject Barnett 385 Ghost crossbow's defect, the Defendant is strictly liable to the Plaintiff for the injuries and damages described herein.

## COUNT II
## NEGLIGENCE

22.  The Plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

23.  The Defendant owes a duty of care commensurate to the gravity of harm presented to those individuals who use their products in a way that is reasonably foreseeable to Defendant, including Plaintiff.  The Defendant owes these individuals a duty to use reasonable care in manufacturing, re-manufacturing, modifying and/or altering, installing, fabricating, designing, packaging, shipping, selling, servicing, and/or distributing the subject Barnett 385 Ghost crossbow, and to protect them from unreasonable harm in the ordinary and foreseeable use of its products.

24.  The Defendant breached its duty and was negligent in the following acts or omissions:

   a.  the Defendant negligently manufactured, re-manufactured, modified and/or altered, installed fabricated, designed, packaged, shipped, sold, serviced, and/or distributed the subject Barnett 385 Ghost crossbow in such condition that it failed to perform in the manner for which it was intended;

   b.  the Defendant negligently manufactured, re-manufactured, modified and/or altered, installed fabricated, designed, packaged, shipped, sold, serviced, and/or distributed the subject Barnett 385 Ghost crossbow in a manner so that it could not be used in a safe manner;

   c.  the Defendant negligently caused to place into the stream of commerce the subject Barnett 385 Ghost crossbow in a manner so eminently dangerous and inherently defective that users of the subject Barnett 385 Ghost crossbow could not appreciate the dangers associated with its use;

   d.  the Defendant failed to make reasonable inspections and tests, and failed to instruct, warn, and/or follow reasonable quality control procedures to discover the defects, dangers, and hazards presented

by the subject Barnett 385 Ghost crossbow which the Defendant manufactured, re-manufactured, modified, and/or altered, installed, fabricated, designed, packaged, shipped, sold, serviced, and/or distributed.

25. As a direct and proximate result of the Defendant's negligence, Plaintiff sustained the injuries and damages described herein.

## COUNT III
## BREACH OF WARRANTY

26. The Plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

27. The Defendant, at all times material hereto, by and through the sale of the subject Barnett 385 Ghost crossbow, expressly and impliedly warranted to users through its actions, representations, promises, affirmations, promotions, product literature, photographs and promotional material, to all prospective consumers and the public generally, including Plaintiff, that the subject Barnett 385 Ghost crossbow, which the Defendant designed, engineered, manufactured, assembled, installed, rebuilt, modernized, sold, serviced, supplied, marketed and/or distributed was of such quality and reasonably fit for the purpose of serving as a safe crossbow product.

28. The Defendant breached its express and implied warranties of fitness and merchantability by defectively designing, manufacturing, assembling, installing, building, modernizing, selling, servicing, supplying, marketing and/or distributing defective and/or not reasonably safe crossbows, including the subject Barnett 385 Ghost crossbow. At the time of the events giving rise to this cause of action, the subject Barnett 385 Ghost crossbow was not reasonably safe for the use to which it was intended as reflected throughout the Defendant's

actions, representations, promises, affirmations, promotions, product literature, photographs and promotional materials.

29. Plaintiff made use of the subject Barnett 385 Ghost crossbow as alleged herein, and relied on the express and implied warranties made by the Defendant through its actions, representations, promises, affirmations, promotions, product literature, photographs, and promotional material that accompanied the subject Barnett 385 Ghost crossbow.

30. The Defendant further breached its express and implied warranties of fitness and merchantability by failing to warn and/or instruct users, purchasers, the public, and others, including Plaintiff, concerning the dangerous characteristics, manufacturer's labels, warnings or instructions of the subject Barnett 385 Ghost crossbow when used in a reasonably foreseeable manner.

31. As a direct and proximate result of the Defendant's breach of warranties arising out of the sale and marketing of the subject Barnett 385 Ghost crossbow, Plaintiff sustained the injuries and damages described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant for such an amount as will be determined by a jury according to the laws of the State of West Virginia, including compensatory damages, punitive damages for Defendant's intentional, fraudulent, malicious and/or reckless indifference to the safety of the Plaintiff, pre-judgment and post-judgment interest, reasonable costs, attorney's fees, and for such other relief as the Court may deem just and proper.

**A JURY TRIAL IS DEMANDED.**

**NICKIE WOODY**
By Counsel,

/s/Taylor M. Norman
L. Lee Javins, II, Esq. (WVSB No. 6613)
Taylor M. Norman, Esq. (WVSB No. 13026)
BAILEY JAVINS & CARTER LC
213 Hale Street
Charleston, West Virginia 25301
Telephone: (304) 345-0346
Facsimile: (304) 345-0375
ljavins@bjc4u.com
tnorman@bjc4u.com

and

William M. Tiano, Esq. (WVSB No. 4308)
TIANO O'DELL, PLLC
P.O. Box 11830
Charleston, WV 25339
Telephone: (304) 720-6700
wtiano@tolawfirm.com
*Counsel for Plaintiff*